UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES,

-vs-

RICHARD ANDERSON,
a/k/a Jason Key, a/k/a
Christopher Key,

       Defendant.

_____

AMENDED[1] DECISION and ORDER

10-CR-6128 CJS-1

## INTRODUCTION

Now before the Court is Richard Anderson's ("Defendant") "Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release)" (ECF no. 616) and his related motion for appointment of counsel (ECF No. 623). For reasons explained below the applications are denied.

## BACKGROUND

The reader is presumed to be familiar with the underlying facts of this case. Very briefly, Defendant was a member of an interstate marijuana distribution ring who, along with two of his co-defendants, traveled to Rochester and committed a cold-blooded execution of three men who he believed had cheated him out of drugs and money. Following a jury trial, Defendant was convicted of violations of 21 U.S.C. §§ 846 & 851 (Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana), 18 U.S.C. § 924(c)(1) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime), 18 U.S.C. §§ 924(c)(1) & 924(j)(1)&(2) (Possession and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime and with Such Firearm Did Commit Murder) and 21 U.S.C. § 848(e)(1)(A) (Conspiracy to Possess with

---

[1] The Decision and Order has been amended solely to add the following language, shown here in italics, at page 11 of the Decision and Order: "Here, Defendant has not demonstrated extraordinary and compelling reasons for the Court to release him from prison *or to reduce his sentence*. In particular, putting aside the fact that the pertinent provisions of the First Step Act do not apply retroactively, the Court does not find the arguments raised under Sections 401 and 403 of that Act to be extraordinary and compelling reasons

1

Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana, and Did Intentionally Kill and Cause the Intentional Killing of an Individual).  The Court sentenced Defendant principally to four consecutive life sentences plus sixty months.  In connection with Defendant's sentencing, the Government filed an 851 Information (ECF No. 332) establishing that Defendant had prior drug felony convictions in North Carolina and California.

The United States Court of Appeals for the Second Circuit denied an appeal by Defendant and his two co-defendants, Aston Johnson ("Johnson") and Andrew Wright ("Wright"), stating in pertinent part:

> Defendants, who were participants in a cross-country marijuana-distribution operation, were convicted under drug-conspiracy, firearm-possession, and murder statutes in connection with their murders of Robert Moncriffe, Mark Wisdom, and Christopher Green (together, the "Victims") in Greece, New York.

Second Circuit Mandate, ECF No. 614.

Anderson, who is now 57 years of age, is serving his sentence at Victorville USP ("Victorville").

On January 13, 2021, Defendant, proceeding *pro se*, filed the subject motion (ECF No. 616), captioned as a "Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release)."  Using a form motion, when asked whether there were extraordinary and compelling reasons for the Court to release him, Defendant checked boxes indicating both that he has a serious medical condition and that he has a minor child whose caregiver has died or become incapacitated, leaving him as the only caregiver for the child.  The motion, though, does not provide any information about a minor child.  Rather, the motion indicates that if Defendant is released he plans to live in Jamaica (his native country) with a son, age 29, and a daughter, age 21.  The motion also does not provide any information concerning Defendant's alleged medical condition, other than to state that he takes the following

---

*to grant a reduction of Defendant's sentence.* "

medications: "Asprin 81 mg, Lisinopril 40 mg, Atorvastatin 25 mg, Hydrochlorothiazide 10 mg." From this list of drugs, it appears that Defendant is being treated for hypertension and high cholesterol.

The motion indicates that before filing the instant motion Defendant applied for compassionate release to the warden at Victorville, arguing, as an "extraordinary and compelling reason," that Section 403 of the First Step Act had prohibited the "stacking" of multiple 924(c) consecutive sentences in a single prosecution. In that same application to the warden, Defendant also apparently argued that he had made significant efforts at rehabilitation by participating in prison programs. It does *not* appear that Defendant asked the warden to release him based on a medical condition or a need to care for a minor child. In any event, the warden denied Defendant's application.

Upon receipt of Defendant's instant motion, the Court issued its standard text order for motions seeking compassionate release (ECF No. 617), which included a request for the Office of the Federal Public Defender to screen Defendant's motion and indicate whether that office would submit a supplemental memorandum on Defendant's behalf. The Federal Public Defender subsequently notified the Court that her office would not be appearing on Defendant's behalf.[2]

On January 26, 2021, the Government filed a response (ECF No. 619) opposing Defendant's application. The Government notes that Defendant has not provided any supporting details for his claim that he suffers from a medical condition and needs to care for a minor child, and points out that according to the Presentence Investigation Report Defendant does not have a minor child.

Alternatively, the Government indicates that insofar as Defendant is moving for compassionate release based on the same grounds included in his application to the warden at Victorville, the application lacks merit. In particular, the Government argues that Section 403 of the First Step Act does not apply to Defendant, both since he was

---

[2] Email dated January 14, 2021.

3

sentenced prior to the Act's effective date and since Section 403's clarification of § 924(c) would not affect his sentence in any event.

On March 2, 2021, Defendant filed a reply (ECF No. 621) in which he now claims that his motion was intended to seek relief pursuant to Sections 401 and 403 of the First Step Act, and to seek compassionate release under 18 U.S.C. § 3582(c)(1)(A). Regarding Section 403 of the First Step Act, Defendant states that he was sentenced to "four consecutive life sentences" for convictions under 18 U.S.C. § 924(c), and that Section 403 amended 18 U.S.C. § 924(c) to eliminate the "stacking" of multiple consecutive sentences. Defendant asserts that he should receive the benefit of Section 403 and that to the extent his sentence included stacked 924(c) sentences it violates "due process ('fundamental fairness')." Additionally, Defendant argues that even though he was sentenced prior to the enactment of Section 403, the law should nevertheless apply to him since his direct appeal was still pending before the Second Circuit when Section 403 was enacted.

With regard to Section 401 of the First Step Act, Defendant states that his conviction under Count 1 of the indictment for the drug trafficking conspiracy was also unfair insofar as it was enhanced by the filing of an 851 Information indicating that he had a prior drug felony convictions, which increased the mandatory minimum sentence from 10 years to 20 years. Defendant states that Section 401 of the First Step Act reduced that enhanced mandatory minimum sentence to 15 years instead of 20. Defendant maintains that the Court has the authority under Section 401 to now reduce his sentence under Count 1 of the Indictment. Defendant further argues that North Carolina and California have now reclassified his prior crimes of conviction as misdemeanors, which means that insofar as he received an enhanced sentence based on his prior felony convictions his sentence under Count 1 is "unconstitutional." Defendant also contends that Section 401 should apply to him since his direct appeal was pending when the legislation was enacted. Defendant's reply papers do not provide any information concerning his alleged poor health or any minor child.

A month after filing his reply, Defendant filed a motion for appointment of counsel relative to the pending motion. (ECF Nos. 623). The application states:

> My name is Richard Anderson #53277-198. I'm currently housed in Victorville U.S.P. My case is 841(a)(1), 841(b)(1)(a). In which the statute is under the First Step Act Section 401. I request for representation to help me adjudicate matters pursuant to the First Step Act.

ECF No. 623.

## DISCUSSION

### Defendant's *Pro Se* Status

Defendant filed the subject application *pro se*, and consequently the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). In that regard, Defendant's motion (ECF No. 616), liberally construed, seeks compassionate release based on three reasons: His health, his parental obligations, and changes to the law made by Section 403 of the First Step Act. Defendant's reply raises additional arguments concerning Section 403 as well as an additional claim based on Section 401 of the First Step Act. Because the argument under Section 401 was raised for the first time in the reply, it may be denied for that reason,[3] although, as discussed below the claim also lacks merit.

### The Motion for Appointment of Counsel is Denied

Defendant has no statutory or constitutional right to appointed counsel in connection with this motion,[4] and the Court does not believe that appointment of counsel would be helpful since Defendant's application rather clearly lacks merit for the

---

[3] *See, United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018) ("Sampson's opening brief on appeal does not discuss nationwide sentencing disparities, focusing solely on the Skelos sentence. And although Sampson's reply brief includes, in a footnote, a statistic on nationwide sentences for obstruction and federal false statement convictions, it is well-settled that we will not usually entertain an argument made for the first time in a reply brief.").

[4] *See, United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) (Indicating that a criminal defendant's right to counsel does not extend to collateral attacks on a judgment. " We have therefore declined to require the appointment of counsel under the CJA when a defendant has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on subsequent changes in the Sentencing Guidelines. 'And every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings.' *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).") (citation and footnote omitted).

reasons discussed below.  The application for appointment of counsel (ECF No. 623) is therefore denied.

### The Motion Under Section 401 of the First Step Act Lacks Merit

To the extent Defendant is moving for a sentence reduction directly under Section 401 of the First Step Act, the application lacks merit.  Defendant maintains that the Court should reduce his sentence under Count 1 of the Indictment based on the First Step Act's subsequent amendment of 21 U.S.C. § 841(b)(1)(A).  However, this argument lacks merit, since the provision that he cites does not apply retroactively to defendants like him who were sentenced prior to the First Step Act's enactment:

> Defendant argues that under the First Step Act, Congress reduced the mandatory minimum sentence applicable to his conviction for crack conspiracy under 21 U.S.C. §§ 846, 841(b)(1)(A). Before trial the Government filed a prior felony information ("PFI") under 21 U.S.C. § 851, which had the effect of doubling the mandatory minimum from ten years to twenty. In the First Step Act, Congress reduced the increase, so that the PFI would increase the mandatory minimum from ten years to fifteen. Pub. L. 115-391, § 401(a)(1), 132 Stat. 5194, 5220 (2018). But the change was not retroactive. *Id*. § 401(c), 132 Stat. at 5221. The First Step Act itself thus gives Defendant no procedural pathway for a reduction. Nor does 18 U.S.C. § 3582(c)(2), which relates to modifications based on a Sentencing Guidelines range that has been reduced, not a mandatory minimum that has been reduced.

*United States v. Fuller*, No. 09-CR-274-03 (CS), 2020 WL 5849442, at *1 (S.D.N.Y. Oct. 1, 2020).

Additionally, the fact that Defendant's appeal was still pending when the First Step Act was enacted does not affect the non-retroactivity of the provision. *See, United States v. Thomas*, 810 F. App'x 207, 208–09 (4th Cir. 2020) ("Thomas argues that the First Step Act applies to him because his appeal was pending when the statute was enacted. This argument is foreclosed by our recent decision in *United States v. Jordan*, 952 F.3d 160, 172–73 (4th Cir. 2020)[, *cert. denied*, 141 S. Ct. 1051, 208 L. Ed. 2d 521 (2021)] (holding that § 403 of First Step Act, which has same retroactivity language as §

401, does not apply to cases pending on appeal at time of enactment and agreeing with other circuits holding that § 401 does not apply to cases pending on appeal at time of enactment).[5]

Defendant alternatively argues that the Court should reduce his sentence under Count 1 since the States of North Carolina and California, in which he was previously convicted of a drug felonies, have subsequently reclassified those crimes as misdemeanors.  However, this claim, raised for the first time in the reply, is not related to Section 401 of the First Step Act.  Moreover, even if Defendant had properly raised the argument, North Carolina and California's subsequent re-classification of the offenses as misdemeanors does not render Defendant's sentence incorrect, since the offenses were felonies when his state convictions became final. *See, United States v. Santillan*, 944 F.3d 731, 733–34 (8th Cir. 2019) ("This Court applies the same "historical fact" approach [as the Ninth Circuit] to sentencing enhancements under 21 U.S.C. § 841(b)(1)(A): a prior conviction qualifies as a "felony drug offense" if it was punishable as a felony at the time of conviction.  Here, Santillan was convicted of possession of marijuana for sale in the Superior Court for Lancaster County, California in 2008, which was a felony under California law at that time. Thus, his California conviction qualifies as a "felony drug offense" notwithstanding the fact it was later redesignated as a misdemeanor."), *cert. denied*, 140 S. Ct. 2691, 206 L. Ed. 2d 835 (2020); *see also, United States v. Hearron*, No. CR 91-392-TUC-CKJ, 2020 WL 1307989, at *3 (D. Ariz. Mar. 19, 2020) ("[T]he reclassification of Hearron's certain past felony convictions as misdemeanors does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that Hearron committed his federal offense after two or more convictions for a felony drug offense had become final.") (citing *U.S. v. Diaz*, 838 F.3d 968, 974 (9th Cir. 2016) (citations and internal quotation

---

[5] *See also, U.S. v. Jordan*, 952 F.3d at 172 ("[I] n common usage in federal sentencing law, a sentence is "imposed" when the district court announces it, not when appeals are exhausted. That consistent usage reflects the common understanding that imposing sentences is the business of the district courts, while courts of appeals are tasked with reviewing them.  It also is consistent, as the government points out, with the fact that defendants ordinarily begin serving their sentences as soon as they are handed down by a district court, regardless of any appeal.") (citations, internal quotation marks and footnotes omitted).

marks omitted); *United States v. Sanders*, 909 F.3d 895, 900 (7th Cir. 2018) ("We join the Third and Ninth Circuits in holding that a defendant who commits a federal drug offense after previously being convicted of a state felony drug offense is subject to § 841's recidivist enhancement even if that prior offense was reclassified as a misdemeanor[.]").

Nor does Defendant's argument on this point state a constitutional violation. *See, U.S. v. Sanders*, 909 F.3d at 904 ("Sanders argues applying the § 841(b)(1)(B) enhancement under these circumstances [(where the felony crime for which he received an 851 enhancement is re-classified under state law as a misdemeanor)] is contrary to the Fifth Amendment's Due Process and Equal Protection Clauses and the Tenth Amendment's federalism principles. We disagree.").

In sum, none of Defendant's arguments concerning his sentence under Count 1 of the Indictment have merit.

<u>The Motion Under Section 403 of the First Step Act Lacks Merit</u>

To the extent Defendant is seeking a sentence reduction directly under Section 403 of the First Step Act, the application similarly lacks merit. Defendant maintains that the Court should reduce his sentences for his 924(c) convictions based on § 403's amendment of § 924(c). The Government, meanwhile, contends that Section 403 does not apply retroactively. The Court agrees with the Government that Section 403 of the First Step Act does not apply retroactively to defendants who were sentenced prior to the law's enactment:

> [O]n December 21, 2018, the First Step Act was signed into law. *See* Pub. L. No. 115-391, 132 Stat. 5194. As relevant here, § 403(a) of the First Step Act eliminated so-called § 924(c) "stacking," whereby multiple § 924(c) charges in the same indictment could yield enhanced consecutive mandatory minimum sentences under § 924(c)(1)(C) if a defendant was convicted on more than one of the charged § 924(c) counts.
> ***
> Congress expressly declined to make the First Step Act's amendment to § 924(c)(1)(C) fully retroactive. See First Step Act, § 403(b), 132 Stat. at 5222 (providing that the First Step Act's amendments to § 924(c)(1)(C)

8

>apply only to an "offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment")

*United States v. Waite*, 12 F.4th 204, 209, 214 (2d Cir. 2021).  Consequently, Section 403 of the First Step Act does not apply to Defendant, even though his direct appeal was pending when the legislation took effect. *See, U.S. v. Waite*, 12 F.4th at 218 ("While various courts of appeals are split on whether § 403(a) applies at resentencing following a remand, they are unanimous in holding that First Step Act § 403 does not extend to defendants who were sentenced prior to the Act's enactment but have not yet exhausted their direct appeals.  We recently joined our sister circuits on this issue[.]") (citations and internal quotation marks omitted).

Defendant alternatively argues that Section 403's amendment of Section 924(c), to eliminate stacking, shows that his sentence, which included multiple consecutive 924(c) sentences, was fundamentally unfair and therefore violated his Fifth Amendment right to due process.  However, the Second Circuit rejected this line of reasoning in *U.S. v. Waite*, cited earlier, in which a defendant had argued that the enactment of Section 403 of the First Step act showed that his prior sentence, which included stacked mandatory consecutive 924(c) sentences, violated the Eighth Amendment, observing that,

>this legislative change does not transform what would otherwise be a constitutionally sound sentence into a cruel and unusual one, for the simple reason that Congress expressly declined to make the First Step Act's amendment to 924(c)(1)(C) fully retroactive.
>
>Indeed, if we were to accept [defendant's] challenge to his sentence premised on the First Step Act, every non-retroactive change in criminal penalties would risk running afoul of the Eighth Amendment merely because those defendants sentenced before the change faced different penalties than those sentenced after the legislative change.  But as the Supreme Court has explained, disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded

9

> prior to a new law's effective date.) This is the nature of Congress's authority to decide the retroactive effect of new statutory provisions. Unless Congress provides otherwise, diminished penalties in criminal statutes do not apply retroactively by default. Thus, we reject the contention that the passage of a new statue lessening the penalties applicable to a crime suggests that pre-enactment sentences for the same crime run afoul of the Eighth Amendment.

*U.S. v. Waite*, 12 F.4th at 214-215 (citations and internal quotation marks omitted); s*ee also, Meeks v. Jago*, 548 F.2d 134, 138 (6th Cir. 1976) (Criminal defendant was not denied due process or equal protection where he was sentenced according to the statute applicable at the time of his sentencing, even though the sentencing statute was later amended non-retroactively to provide for a lesser sentence for the same conviction), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145 (1977) (disagreed with on other grounds by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982)); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) ("[W]e have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit.").

For these reasons, Defendant's application under Section 403 of the First Step Act lacks merit and is denied.

<u>Compassionate Release</u>

Finally, Defendant indicates that he is seeking compassionate release. In this regard, the Court understands Defendant to be relying upon the same factors just discussed. The legal principles applicable to such a motion are clear:

> As part of the First Step Act of 2018, Congress authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (amending 18 U.S.C. § 3582(c)(1)(A)).

*U.S. v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).

> [T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might

bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of [U.S. Sentencing] Guideline § 1B1.13, limits the district court's discretion.

*United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "Even if 'extraordinary and compelling' circumstances exist, a district court may not reduce a defendant's sentence before considering 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Cummings*, No. 20-3156-CR, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Defendant has not demonstrated extraordinary and compelling reasons for the Court to release him from prison or to reduce his sentence.  In particular, putting aside the fact that the pertinent provisions of the First Step Act do not apply retroactively, the Court does not find the arguments raised under Sections 401 and 403 of that Act to be extraordinary and compelling reasons to grant a reduction of Defendant's sentence.  Nor has Defendant shown extraordinary or compelling reasons based on his health or family circumstances.  Moreover, even assuming *arguendo* that Defendant had demonstrated extraordinary and compelling reasons, the Court would still deny relief since the Section 3553(a) factors weigh heavily against Defendant due to the exceedingly grave nature of his crimes.

## CONCLUSION

Defendant's motions (ECF Nos. 616, 623) are denied for the reasons just explained.

SO ORDERED.

Dated: Rochester, New York
       November  10, 2021

                                          ENTER:

                                          /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge