UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.

RICHARD ANDERSON,
                Defendant.

DECISION AND ORDER

10-CR-6128 CJS
21-CV-6712 CJS

---

## INTRODUCTION

Now before the Court is a motion (ECF No. 638) by Richard Anderson ("Anderson" or "Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For reasons discussed below, the application is denied.

## BACKGROUND

The reader is presumed to be familiar with the history of this action. Briefly, concerning Defendant's conviction and sentence, the following facts are taken from the Government's response to the Section 2255 motion, to which Defendant has not objected:

> On August 10, 2010, a federal grand jury sitting in the Western District of New York returned an eight-count Superseding Indictment against the defendant-petitioner, Richard Anderson, and several co-defendants. Anderson was charged with conspiracy to possess with intent to distribute, and to distribute, 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), possessing and discharging firearms in furtherance of a drug trafficking crime and using such firearms to cause three deaths in violation of 18 U.S.C. §§ 924(c) and 924(j), and intentionally killing three people while engaged in a drug conspiracy offense in violation of 21 U.S.C. § 848(e) (Superseding Indictment[)].

1

\*\*\*

A jury trial commenced on October 1, 2013. After a ten-week trial, and less than three hours of deliberation, the jury convicted Anderson on all counts.[1]

On March 11, 2014, this Court sentenced Anderson to an aggregate term of imprisonment of four consecutive life sentences plus 60 months. (Dkt. No. 496).[2] [Anderson was sentenced under the Career Offender guideline, USSG § 4B1.1, as he had two prior state-court felony convictions for controlled substance offenses. See PSR, ¶¶ 134, 138, 139].

\*\*\*

Anderson filed a timely notice of appeal. (Dkt. No. 501). In the appeal, he raised challenges to: (1) the holding that he did not have standing to challenge cell phone historic location information, (2) violations of his right to a fair and public trial, (3) the admission of co-conspirator statements, (4) the aiding and abetting and *Pinkerton* jury instructions, and (5) the sufficiency of the evidence on Counts 3 through 8.

The Second Circuit affirmed, holding in principal part that (1) investigators properly obtained cell-site location information associated with the cell phone Anderson registered under a stolen identity, pursuant to facially valid search warrant supported by probable cause, (2) even if the search warrant had been defective, suppression was not warranted, pursuant to the good faith exception to the warrant requirement, (3) there was no error in instructing the jury that it could convict for aiding and abetting pursuant to 18 U.S.C. § 2 or as coconspirators under *Pinkerton*, (4) there was sufficient evidence to support the convictions; and (5) Anderson's Sixth Amendment right to public trial was not violated. *United States v. Johnson, et al.*, 804 F. App'x 8 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1430 (2021) (attached hereto

---

[1] *See, United States v. Anderson*, No. 10-CR-6128 CJS-1, 2021 WL 5239903, at \*1 (W.D.N.Y. Nov. 10, 2021) ("Following a jury trial, Defendant was convicted of violations of 21 U.S.C. §§ 846 & 851 (Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana), 18 U.S.C. § 924(c)(1) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime), 18 U.S.C. §§ 924(c)(1) & 924(j)(1)&(2) (Possession and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime and with Such Firearm Did Commit Murder) and 21 U.S.C. § 848(e)(1)(A) (Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana, and Did Intentionally Kill and Cause the Intentional Killing of an Individual). The Court sentenced Defendant principally to four consecutive life sentences plus sixty months. In connection with Defendant's sentencing, the Government filed an 851 Information (ECF No. 332) establishing that Defendant had prior drug felony convictions in North Carolina and California.").
[2] Sentencing Transcript, ECF No. 558.

> as Exhibit 2).
>
> \*\*\*
>
> On November 22, 2021, Anderson, *pro se*, filed [the subject] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[, in which he] presents the following grounds for relief: 1. Pursuant to [*United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*")], part of 18 U.S.C. § 924(c) is unconstitutionally vague and a vague law is no law at all; 2. The 21 U.S.C. § 851 Information relied upon a prior [drug] felony conviction that is now classified as a misdemeanor; therefore § 851 is no longer applicable and the sentence cannot stand under Section 401 of the First Step Act [of 2018]; 3. The "crime of violence" element clause of § 924(c) has the same language as the Career Offender guideline and the Armed Career Criminal Act; 4. A 21 U.S.C. § 846 conviction cannot support an enhanced sentence under the Career Offender guideline as it is not a categorically controlled substance offense. *See* Petitioner's Motion, pp. 5-6. (Dkt. No. 638).

ECF No. 648 at pp. 1-3.

The Government filed an opposition to Defendant's motion (ECF No. 648), maintaining, as discussed more fully below, that one of Defendant's claims is procedurally barred, and that all of them lack merit.

After the Government filed its response to the Section 2255 motion, the Court granted Defendant two extensions of time in which to file a reply/traverse, the second of which gave him until July 30, 2022, to do so. (ECF Nos. 650, 653). However, as of September 27, 2022, Defendant had not filed any reply, and the Court consequently issued a Text Order, ECF No. 656, indicating that briefing was closed. See, Id. ("In connection with Anderson's motion pursuant to 28 U.S.C. § 2255, on May 31, 2022, the Court granted Anderson's request for sixty days in which to file a response to the Governments opposition papers. The deadline for Anderson to submit his papers expired on July 30, 2022, and the Court received nothing further from Anderson by that

deadline, or subsequent thereto. *Accordingly, it is hereby ORDERED that briefing on the subject Section 2255 application is now closed.* The Court will issue a written decision at its earliest opportunity.") (emphasis added).

Approximately two weeks thereafter, Defendant filed an untimely Reply, ECF No. 657, along with an unsworn cover letter, stating:

> I am writing to you today as I received a copy of the text order that you issued on September 27, 2022. In that Order the Court states that I did not file any response to the government's [opposition]. I did file a response and gave it to prison staff to send out to your Court. This prison has been on lock down status for months regarding Covid-19, and violence. The only way I can mail out legal mail is through the staff. Again I am sending a copy of the response that I previously sent to the court and I am having a friend send it directly to the Court so I know that it was placed in the actual mail. I am requesting that my response be considered as it was timely. There have been numerous issues with the mail at this prison.

ECF No. 657. However, the date on the "copy" of the reply was September 10, 2022, which was 42 days after the extended deadline for Defendant to submit his reply. *See*, ECF No. 656 ("The deadline for Anderson to submit his papers expired on July 30, 2022[.]").

As for the contents of the reply/traverse, Defendant reiterates the arguments in his 2255 motion. Additionally, Defendant raises new arguments that were not in the 2255 motion, namely, the following: 1) "The District Court erred in allowing the Government to connect 3 separate 18 U.S.C. § 924(c) violations connected to the same underl[ying] conspiracy"; and 2) "the Court erred . . . by allowing the Government to proceed in this case with both a 21 U.S.C. § 841 and § 846 offense in the same indictment[, thereby] violating [his] right to due process." ECF No. 657 at pp. 5-9, 9-11.

4

The Court has considered the submissions and the relevant portions of the record.

## ANALYSIS

### Defendant's *Pro Se* Status

Since Defendant is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

### Section 2255 Principles

Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).

Here, the Court finds that a full evidentiary hearing is not required, since there are no material factual disputes and the record conclusively shows that Defendant is not entitled to relief.

### Defendant's Reply is untimely and attempts to raise claims that were not included in the original motion and are procedurally barred

Preliminarily, the Court declines to consider Defendant's reply, except insofar as it assists the Court in liberally construing the claims in the original motion. As mentioned

earlier, the Court extended Defendant's deadline for filing a reply twice, ultimately giving him until July 30, 2022, to do so. However, as of September 27, 2022, no reply had been filed, and the Court consequently indicated that briefing was closed. Approximately two weeks later, the Court received a reply from Defendant, which he claimed to have originally attempted to mail from prison in a "timely" manner, presumably meaning prior to July 30, 2022. However, the Court declines to credit Defendant's unsworn assertion implying that prison officials must have lost or discarded his initial timely mailing, since, while he contends that the reply received by the Court on October 6, 2022, is "a copy of the response that [he] previously sent to the court," it is dated September 10, 2022, which is 42 days after the extended deadline for submitting a reply. See, ECF No. 656 ("The deadline for Anderson to submit his papers expired on July 30, 2022[.]"). Consequently, the Court finds that the reply is untimely.

Additionally, even if the reply had been timely submitted, it contains arguments that the Court would not consider in any event, since they are being raised for the first time in the reply. Specifically, the new arguments are, first, that the Court erred in allowing the Government to connect 3 separate 18 U.S.C. § 924(c) violations connected to a single underlying conspiracy, and, second, that the Court erred in allowing the Government to proceed in this case with both a 21 U.S.C. § 841 and § 846 offense in the same indictment, thereby violating Defendant's right to due process. ECF No. 657 at pp. 5-9, 9-11. Even liberally construing Defendant's 2255 motion, these arguments are not contained therein, and the Government therefore had no ability to respond to them. Consequently, the Court declines to consider them. See, e.g., Velasquez v. United States,

6

No. 15 CRIM. 174-5 (LGS), 2024 WL 2853268, at *2 (S.D.N.Y. June 5, 2024) ("Courts generally do not address issues raised for the first time in a reply brief, even for *pro se* litigants.") (citations omitted); *see also, Giovinco v. United States*, No. 18-CR-14-JSR-3, 2023 WL 6130642, at *16 (S.D.N.Y. Aug. 24, 2023) ("Giovinco's contentions about a court-expensed investigator, calling Christopher, and identifying "cousin Frankie" were only raised for the first time in reply, and may therefore be disregarded on that basis alone.") (collecting cases), report and recommendation adopted, No. 22-CV-9892, 2023 WL 6126485 (S.D.N.Y. Sept. 19, 2023).

Furthermore, the new arguments in the reply are also procedurally barred, since Defendant failed to raise them on direct appeal, and has not shown cause, prejudice, or actual innocence. On this point, the applicable law is well settled:

> Generally, a defendant is barred from raising claims in a section 2255 motion that were not raised on direct appeal. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). This procedural default rule functions as "a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, a "defendant can raise new arguments in a § 2255 motion if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *United States v. Peña*, 58 F.4th 613, 621 (2d Cir. 2023) (quotation marks omitted). To demonstrate "cause," a movant must show external circumstances that prevented them from raising the issue on direct appeal. *Zhang*, 506 F.3d at 166.

*Martinez v. United States*, No. 19-CR-536 (PKC), 2025 WL 1292532, at *6 (S.D.N.Y. May 5, 2025). Defendant failed to raise these new claims on direct appeal, and has not attempted to show cause, prejudice, or actual innocence. Consequently, the new claims in the reply are also procedurally defaulted and barred from consideration by the Court.

The Court will now consider the four claims contained in the Section 2255 motion, ECF No. 638.

<u>Defendant's First Argument</u>

Defendant's first argument is that his convictions under § 924(c) and 924(j) must be set aside, since *United States v. Davis* found that § 924(c) was partially unconstitutionally vague. Defendant also cites the case of *United States v. Ledbetter*, 929 F.3d 338 (6th Cir. 2019), in which the defendants' convictions under 18 U.S.C. §§ 924(c), (j)(i), for committing murder by firearm during a crime of violence (conspiracy to commit Hobbs Act robbery) were vacated, pursuant to *Davis*.[3] The motion provides no additional argument on this point. Although, Defendant's reply provides some additional explanation of the claim, stating:

> In this case Anderson argue[s] that in light of *United States v. Davis*, 139 S.Ct. 2319 (2019), that portions of 18 U.S.C. § 924 were made unconstitutionally vague and therefore he could not have been convicted of those offenses found in counts 3, 5, and 7 – three counts of possession and discharge of a firearm in furtherance of a drug trafficking crime and with such firearm did commit murder, in violation of 18 U.S.C. § § 924(c)(1) and 924(j)(1) [Counts 3, 5, and 7].

ECF No. 657 at p. 2. Defendant acknowledges that *Davis* involved a 924(c) conviction involving a crime of violence, and not a drug trafficking crime, but nevertheless maintains that *Davis* also renders § 924(c) unconstitutionally vague as to violations involving drug

---

[3] *See, U.S. v. Ledbetter*, 929 F.3d at 361 ("The Supreme Court has now held that § 924(c)(3)(B)'s residual definition is unconstitutionally vague. *See United States v. Davis*, No. 18-431, —— U.S. ——, —— ——, 139 S. Ct. 2319, —— L.Ed.2d ——, 2019 WL 2570623 at *13 (June 24, 2019). Because the Government relies only on that now-invalidated clause to support Harris's and Robinson's convictions under § 924(c), those convictions must be set aside.").

8

trafficking crimes. *Id.* at 2-5. However, he does not explain why that is so. Rather, he only baldly asserts that *Davis's* finding, that § 924(c)(3)(B)'s definition of a "crime of violence" is unconstitutionally vague, renders the entire statute unconstitutionally vague.

The Government counters that *Davis* "simply does not apply to Anderson's crimes of conviction and sentence." ECF No. 648 at 5. The Government further states:

> In *Davis,* the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. . . . Section 924(c) also prohibits the use of firearms during, or the possession of firearms in furtherance of, "drug trafficking crime[s]," 18 U.S.C. § 924(c)(1)(A), which the statute defines as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46," 18 U.S.C. § 924(c)(2). *Davis* does not affect the validity of that provision.
>
> Anderson was not charged with possessing a firearm in furtherance of a crime of violence, but instead was charged with possessing, using, and discharging firearms in furtherance of a drug trafficking crime. Thus, *Davis* is inapplicable. Pursuant to the overwhelming evidence at trial, the jury convicted Anderson of all §§ 924(c) and 924(j)(1) charges. Anderson was then sentenced under the Career Offender guideline, USSG § 4B1.1, as he had two prior felony convictions for a controlled substance offense. *See* PSR, ¶¶ 134, 138, 139. The Judgment in [this case] reflects that Anderson was adjudicated guilty of possession and discharge of a firearm in furtherance of a drug trafficking crime.
>
> The record is clear that Anderson was convicted of possessing, discharging, and using firearms in furtherance of a drug trafficking crime, not a crime of violence under 18 U.S.C. § 924(c)(3)(B), the subsection that was invalidated in *Davis*. Thus, *Davis* is inapplicable to Anderson's Case. It is further clear that the Career Offender enhancement relied upon two prior felony convictions for controlled substance offenses, not crimes of violence. Anderson's claims lack merit.

9

ECF No. 648 at 6.

The Court agrees with the Government on this point. Indeed, the Second Circuit has already rejected the same argument being advanced by Defendant:

> Barret argues on appeal that his § 924(c) conviction must be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) prohibits the use of a firearm in relation to any "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Barret's indictment based the § 924(c) charge on "carry[ing] one or more firearms during and in relation to one or more drug trafficking crimes." App'x 63. Thus, his § 924(c) conviction was not based on carrying a firearm in relation to a crime of violence. *Davis* invalidated a clause defining a "crime of violence." *Davis*, 139 S. Ct. at 2336. Because Barret's § 924(c) conviction did not depend on the clause at issue in *Davis*, that case provides him no basis for relief.

*United States v. Barret*, No. 21-1743-CR, 2022 WL 17839286, at *1 (2d Cir. Dec. 22, 2022); *see also, United States v. Spencer*, No. 14-CR-6079-CJS-JWF-1, 2024 WL 1640948, at *3 (W.D.N.Y. Apr. 16, 2024) ("[Spencer] was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Consequently, the Supreme Court's decision is *Davis* is not applicable to Spencer's conviction[.] . . . Therefore, Spencer's claim that he was convicted under an unconstitutionally-vague statute lacks merit."). Accordingly, this aspect of Defendant's motion lacks merit, and is denied.

### Defendant's Second Argument

Defendant's second argument is that his sentence "is no longer valid," since one or both of his prior convictions was for a drug felony that has since been reclassified as a misdemeanor:

> The 851 [information] relied upon a felony conviction that is now a

10

> misdemeanor offense. The sentence for a prior drug felony cannot stand under Section 401 of the First Step Act of 2018. Thereby lowering the Guideline offense level. 21 U.S.C. 851 is no longer valid.

ECF No. 638 at 5. The 2255 motion provides no further elaboration as to this claim, and his reply does little better, stating:

> Here, the Court relied on a prior convictions [sic] that cannot be used as predicate offense to substantiate an enhanced sentence. . . . If sentenced today Mr. Anderson would not face the overly harsh sentence that he was subject to. One in which Congress has found to be overly excessive and in doing so change the stipulations for such grotesque sentences. Therefore, the court in this case should remand the case for resentencing absent the § 851 enhancement.

ECF No. 657 at 11-12.

The Government responds that this argument lacks merit, and that, in fact, it is the same argument that Defendant raised unsuccessfully before this Court when previously moving for a sentence reduction under Section 401 of the First Step Act. *See*, ECF No. 648 at 7 ("This appears to be an exact argument Anderson raised in his Reply Memorandum (Dkt. No. 621) to the government's memorandum in opposition to his motion to reduce sentence. The Court rejected the argument in its entirety in its Decision and Order denying the motion for sentence reduction (Dkt. 637) and should do so once again."). The Government further indicates that "[t]he First Step Act was enacted in 2018, four years after Anderson was sentenced in 2014," and that, "Section 401 of the First Step Act does not apply retroactively to defendants that were sentenced prior to [its] enactment[.]" *Id.* The Government further contends that "any subsequent re-classification of [the state-court felonies of which Defendant was convicted] as

11

misdemeanors does not render Anderson's sentence incorrect since the offenses were felonies when his state convictions became final." *Id.* at 8 (collecting cases).

The Court agrees with the Government that this claim lacks merit. Indeed, the Court agrees that it already rejected this same argument by Defendant when it denied his request for a "compassionate release" sentence reduction under 18 U.S.C. § 3582(c)(1)(A). In that instance, the Court stated:

> With regard to Section 401 of the First Step Act, Defendant states that his conviction under Count 1 of the indictment for the drug trafficking conspiracy was also unfair insofar as it was enhanced by the filing of an 851 Information indicating that he had a prior drug felony convictions, which increased the mandatory minimum sentence from 10 years to 20 years. Defendant states that Section 401 of the First Step Act reduced that enhanced mandatory minimum sentence to 15 years instead of 20. Defendant maintains that the Court has the authority under Section 401 to now reduce his sentence under Count 1 of the Indictment. Defendant further argues that North Carolina and California have now reclassified his prior crimes of conviction as misdemeanors, which means that insofar as he received an enhanced sentence based on his prior felony convictions his sentence under Count 1 is "unconstitutional." Defendant also contends that Section 401 should apply to him since his direct appeal was pending when the legislation was enacted.
>
> \*\*\*
>
> To the extent Defendant is moving for a sentence reduction directly under Section 401 of the First Step Act, the application lacks merit. Defendant maintains that the Court should reduce his sentence under Count 1 of the Indictment based on the First Step Act's subsequent amendment of 21 U.S.C. § 841(b)(1)(A). However, this argument lacks merit, since the provision that he cites does not apply retroactively to defendants like him who were sentenced prior to the First Step Act's enactment:
>
>> Defendant argues that under the First Step Act, Congress reduced the mandatory minimum sentence applicable to his conviction for crack conspiracy under 21 U.S.C. §§ 846, 841(b)(1)(A). Before trial the Government filed a prior felony

12

> information ("PFI") under 21 U.S.C. § 851, which had the effect of doubling the mandatory minimum from ten years to twenty. In the First Step Act, Congress reduced the increase, so that the PFI would increase the mandatory minimum from ten years to fifteen. Pub. L. 115-391, § 401(a)(1), 132 Stat. 5194, 5220 (2018). But the change was not retroactive. *Id.* § 401(c), 132 Stat. at 5221. The First Step Act itself thus gives Defendant no procedural pathway for a reduction. Nor does 18 U.S.C. § 3582(c)(2), which relates to modifications based on a Sentencing Guidelines range that has been reduced, not a mandatory minimum that has been reduced.

*United States v. Fuller*, No. 09-CR-274-03 (CS), 2020 WL 5849442, at *1 (S.D.N.Y. Oct. 1, 2020).

Additionally, the fact that Defendant's appeal was still pending when the First Step Act was enacted does not affect the non-retroactivity of the provision. *See, United States v. Thomas*, 810 F. App'x 207, 208–09 (4th Cir. 2020) ("Thomas argues that the First Step Act applies to him because his appeal was pending when the statute was enacted. This argument is foreclosed by our recent decision in *United States v. Jordan*, 952 F.3d 160, 172–73 (4th Cir. 2020)[, *cert. denied*, 141 S. Ct. 1051, 208 L. Ed. 2d 521 (2021)] (holding that § 403 of First Step Act, which has same retroactivity language as § 401, does not apply to cases pending on appeal at time of enactment and agreeing with other circuits holding that § 401 does not apply to cases pending on appeal at time of enactment).

Defendant alternatively argues that the Court should reduce his sentence under Count 1 since the States of North Carolina and California, in which he was previously convicted of a drug felonies, have subsequently reclassified those crimes as misdemeanors. However, this claim, raised for the first time in the reply, is not related to Section 401 of the First Step Act. Moreover, even if Defendant had properly raised the argument, North Carolina and California's subsequent re-classification of the offenses as misdemeanors does not render Defendant's sentence incorrect, since the offenses were felonies when his state convictions became final. *See, United States v. Santillan*, 944 F.3d 731, 733–34 (8th Cir. 2019) ("This Court applies the same "historical fact" approach [as the Ninth Circuit] to

13

> sentencing enhancements under 21 U.S.C. § 841(b)(1)(A): a prior conviction qualifies as a "felony drug offense" if it was punishable as a felony at the time of conviction. Here, Santillan was convicted of possession of marijuana for sale in the Superior Court for Lancaster County, California in 2008, which was a felony under California law at that time. Thus, his California conviction qualifies as a "felony drug offense" notwithstanding the fact it was later redesignated as a misdemeanor."), *cert. denied*, 140 S. Ct. 2691, 206 L. Ed. 2d 835 (2020); *see also, United States v. Hearron*, No. CR 91-392-TUC-CKJ, 2020 WL 1307989, at *3 (D. Ariz. Mar. 19, 2020) ("[T]he reclassification of Hearron's certain past felony convictions as misdemeanors does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that Hearron committed his federal offense after two or more convictions for a felony drug offense had become final.") (*citing U.S. v. Diaz*, 838 F.3d 968, 974 (9th Cir. 2016) (citations and internal quotation marks omitted); *United States v. Sanders*, 909 F.3d 895, 900 (7th Cir. 2018) ("We join the Third and Ninth Circuits in holding that a defendant who commits a federal drug offense after previously being convicted of a state felony drug offense is subject to § 841's recidivist enhancement even if that prior offense was reclassified as a misdemeanor[.]").
>
> Nor does Defendant's argument on this point state a constitutional violation. *See, U.S. v. Sanders*, 909 F.3d at 904 ("Sanders argues applying the § 841(b)(1)(B) enhancement under these circumstances [(where the felony crime for which he received an 851 enhancement is re-classified under state law as a misdemeanor)] is contrary to the Fifth Amendment's Due Process and Equal Protection Clauses and the Tenth Amendment's federalism principles. We disagree.").
>
> In sum, none of Defendant's arguments concerning his sentence under Count 1 of the Indictment have merit.

ECF No. 637 at 4-5, 6-8. For these same reasons, the Court finds that the identical argument, which Defendant is now asserting as the second argument in his Section 2255 motion, lacks merit.

14

Defendant's Third Argument

Defendant's third argument appears to challenge the sufficiency of the evidence supporting his convictions under Section 924(c), stating:

> In light of *Borden v. United States*, 141 S.Ct. 1817 (2021), reckless conduct is not enough for a conviction. The element clause of 18 U.S.C. § 924(c) penalty dealing with firearm connected to crime of violence has the same language as (ACCA) element clause as well as the mandatory career offender definition of COV [presumably "crime of violence"] of Sentencing Commission.

ECF No. 638 at 5. Defendant provides no further elaboration.

The Government opposes this argument, interpreting it as an extension of Defendant's first argument pursuant to *Davis*. See, ECF No. 648 at 5 ("In Ground Three, Anderson states that the 'crime of violence' element clause of § 924(c) has the same language as the Career Offender guideline – under which he was sentenced – and the Armed Career Criminal Act. *Davis*, however, simply does not apply to Anderson's crimes of conviction and sentence."). That is, the Government maintains that the argument is meritless, since "Anderson was not charged with possessing a firearm in furtherance of a crime of violence, but instead was charged with possessing, using, and discharging firearms in furtherance of a drug trafficking crime." *Id.* at 6.

The Court finds that this argument by Defendant also lacks merit. In support of this claim, Defendant cites *Borden v. United States*, 141 S.Ct. 1817 (2021), in which the Supreme Court considered the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), stating the issue as follows:

> The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), mandates a 15-year minimum sentence for persons found guilty of illegally possessing

15

a gun who have three or more prior convictions for a "violent felony." The question here is whether a criminal offense can count as a "violent felony" if it requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge. We hold that a reckless offense cannot so qualify.

*Borden*, 593 U.S. at 423, 141 S. Ct. at 1821–22. However, Defendant's 924(c) convictions are based on him possessing, using, and discharging firearms in furtherance of a drug trafficking crime, not a crime of violence. Neither was Defendant sentenced as an Armed Career Criminal. Consequently, Defendant's reliance on *Borden* is misplaced, and this claim is denied.

### Defendant's Fourth Argument

Defendant's fourth and final argument is that "§ 846 conspiracy convictions cannot support an enhanced sentencing as a career offender, because they are not categorically controlled substance offenses within the meaning of the Guidelines." ECF No. 638 at 6. In support of this argument, he cites *U.S. v. Norman*, 935 F.3d 232 (4th Cir. 2019) ("*Norman*") and *U.S. v. Whitley*, 737 Fed. Appx. 147 (4th Cir. 2018) ("*Whitley*"), but provides no further elaboration.

The Government responds that this argument is both "procedurally barred" and "without merit." ECF No. 648 at 9. The argument is without merit, the Government maintains, since Anderson's "prior controlled substance convictions used to support the application of the Career Offender guideline were not for conspiracy under § 846." ECF No. 648 at 9. The Government continues:

> Anderson has two prior felony convictions for controlled substance offenses, neither of which is a conviction under § 846. On March 17, 1993, Anderson was found guilty of Trafficking Cocaine, in Mecklenburg County

16

> Superior Court, North Carolina, and sentenced to a term of imprisonment of seven years. On September 20, 1995, he was found guilty of Possession/Purchase for Sale Narcotic Controlled Substance in Superior Count of California, County of San Diego, and sentenced to three years imprisonment. See PSR, ¶ ¶ 134, 138, 139.
>
> Such convictions clearly meet the requirements of "controlled substance offense" as defined in USSG § 4B1.2(b). Thus, Anderson indeed has at least two prior felony convictions of either a crime of violence or a controlled substance offense as required to be classified a Career Offender.
>
> As noted above, Anderson's arguments are not entirely clear. If, on the other hand, he is arguing that his present conviction for violating § 846 does not qualify to support his Career Offender designation, that argument fails as well as application note 1 to § 4B1.2 clearly encompasses § 846 narcotics conspiracy. *United States v. Jackson*, 60 F.3d 128, 131-34 (2d Cir. 1995); *see also United States v. Tabb*, 949 F.3d 81, 87-89 (2d Cir. 2020); cert. denied, 141 S. Ct. 2793 (2021); *United States v. Laboy*, 1:15-CR-00091 EAW, 2021 WL 5176663, at *3 (W.D.N.Y. Nov. 8, 2021). As such, Anderson's Career Offender status was proper and warranted the sentence imposed.

ECF No. 648 at 9, 12.

The Government further maintains that the argument is procedurally barred in any event, since "this specific issue was never raised on appeal," and since

> Anderson fails to articulate any facts to justify his failure to raise the issue on appeal. Nor has he shown prejudice. Finally, he failed to carry his burden of demonstrating "that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey*, 499 U.S. at 494. In fact, it is quite the contrary. The Second Circuit has determined that cases challenging the applicability of the sentencing guidelines in a § 2255 motion generally do not constitute a complete miscarriage of justice. *See Graziano*, 83 F.3d at 590 ("Any challenge that Graziano had regarding alleged violations of the Sentencing Guidelines should have been raised on direct appeal. Accordingly, his claim is procedurally barred."). Having failed to satisfy his burden, Anderson's claim is procedurally barred.

17

ECF No. 648 at 11.

The Court again agrees with the Government. First, the Court agrees that the claim is procedurally barred pursuant to the procedural default rule discussed earlier, since Defendant failed to raise it on direct appeal, and has not attempted to show cause, prejudice, or actual innocence. Additionally, even assuming that the claim was not procedurally barred, it is meritless, since it is based on an incorrect factual premise. Meaning that, it is based on Defendant's mistaken belief, as shown by his citation of the *Norman* and *Whitley* decisions, that his career offender designation was based on prior "§ 846 conspiracy convictions," rather than on his prior state-court drug felony convictions.

Furthermore, even if Defendant's career offender designation had been based on prior § 846 conspiracy convictions, which it wasn't, his reliance on the Fourth Circuit's *Norman* and *Whitley* decisions is misplaced, since the Second Circuit has rejected their reasoning and conclusions. More specifically, *Norman* involved a defendant who, at sentencing, received an upward adjustment of his offense level based on his prior conviction for conspiracy under § 846.[4] On appeal, the Fourth Circuit held that the defendant's prior § 846 conspiracy was not "a controlled substance offense" under the Guidelines. *See, Norman*, 935 at 237-238 ("[W]e have expressly held that an overt act is an element of the generic definition of conspiracy as incorporated into § 4B1.2. And it

---

[4] *See, Norman*, 935 F.3d at 234-235 ("On the basis of his prior conviction for conspiracy to possess cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, the court applied an effective six-level enhancement to Norman's sentence under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(a)(4)(A)."); *see also, id.* at 235 ("[T]he Probation Office calculated a base offense level of 20. This included an effective six-level enhancement under U.S.S.G. § 2K2.1(a)(4)(A), on the basis that a prior conviction for "Conspiracy to [Possess with Intent to Distribute] Cocaine and Cocaine Base" under 21 U.S.C. § 846 constituted a "controlled substance offense.".").

18

is undisputed that "conspiracy" under § 846 does not require an overt act. Therefore, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy, and Norman's conviction under § 846 cannot support the six-level enhancement he received.") (citations and internal quotation marks omitted).  The *Whitley* decision, also cited by Defendant, was decided by the Fourth Circuit a year before the *Norman* decision, and reached the same determination. *See, Whitley*, 737 Fed.Appx. at 149 ("[B]ecause § 846 does not require an overt act, it criminalizes a broader range of conduct than that covered by generic conspiracy.  Accordingly, Whitley's prior § 846 conspiracy convictions cannot support his enhanced sentencing as a career offender because they are not categorically controlled substance offenses.") (citations omitted).

However, the Second Circuit has expressly declined to follow the Fourth Circuit's reasoning on this point. *See, United States v. Tabb*, 949 F.3d 81, 88-89 (2d Cir. 2020) ("Tabb relies on *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), in which the Fourth Circuit held that Application Note 1 incorporates a generic definition of conspiracy, that generic conspiracy requires an overt act, and that federal narcotics conspiracy under 21 U.S.C. § 846 is not a generic conspiracy because it does not require an overt act. *Id.* at 237-38.  We respectfully disagree. . . . To us, it is patently evident that Application Note 1 was intended to and does encompass Section 846 narcotics conspiracy. Tabb's conviction under this statute thus properly served as a predicate for his sentencing enhancement."). In other words, in the Second Circuit a prior § 846 conspiracy conviction qualifies as a controlled substance offense that can support a career offender enhancement. *See, United States v. Clinton*, 18-1417-cr, 820 F. App'x 34, 36–37 (2d Cir.

Jul. 13, 2020) ("In *United States v. Tabb*, decided after Clinton filed this appeal, we held that a 21 U.S.C. § 846 conspiracy qualifies as a controlled substance offense for purposes of the career offender guideline.").

Consequently, even assuming *arguendo* that the factual premise of Defendant's fourth argument was correct, the claim would nevertheless be legally meritless.

## CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion (ECF No. 638) is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Defendant has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk is directed to close related civil action 21-CV-6712 CJS.

IT IS SO ORDERED.

DATED:   November 21, 2025
         Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge